UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___2/6/2020___

------------------------------------------------------------X
                                          :

CHIKEZIE OTTAH,                           :

                               Plaintiff,   :

                                            :          19 Civ. 8552 (LGS)

                -against-             :

                                            :             ORDER

VERIZON SERVICES CORP,         :

                             Defendant.  :

                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, the parties have fully briefed a Motion to Dismiss (Dkt. Nos. 29-34);

      WHEREAS, *pro se* Plaintiff attached to its opposition to the Motion to Dismiss evidence extrinsic to the Complaint, including: (1) an image of the license plate of a second Verizon vehicle, purportedly containing the infringing product (Dkt. No. 33 at 47), although the Complaint alleges that Plaintiff saw only one such vehicle; and (2) close-up images of the alleged infringing product(s) inside a Verizon vehicle(s) (Dkt. No. 33 at 37, 41, 45, 46), not included in the Complaint. Plaintiff has also separately filed copies of letters by his patent co-owners, which allegedly disclaim their right to sue jointly for patent infringement in this case (Dkt. No. 23) -- a matter not raised in the Complaint. It is hereby

      **ORDERED** that Defendant's motion to dismiss will be converted to a motion for summary judgment on the issues of (i) whether Defendant has infringed the subject patent, and (ii) plaintiff's standing to sue in light of the absence of his patent co-owners from the suit. Under Federal Rule of Civil Procedure 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," provided that the parties have "reasonable

opportunity to present all the material that is pertinent to the motion." *See Sahu v. Union Carbide Corp.*, 548 F.3d 59, 67 (2d Cir. 2008) (A "reasonable opportunity" generally requires a district court to "give notice to the parties *before* converting a motion.") (internal quotation marks omitted); *accord Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 295 (S.D.N.Y. 2018). It is further

**ORDERED** that, due to the conversion to a motion for summary judgment, Defendant shall file any evidence in support of summary judgment by **March 6, 2020**. Supplemental briefing, which shall not exceed 5 double-spaced pages, may accompany the evidence. Such evidence may include, for example, images of and/or declarations concerning the alleged infringing product inside the Verizon vehicle(s) during the relevant time period. The evidence may also address the authenticity of Plaintiff's images. It is further

**ORDERED** that Plaintiff shall file evidence, along with any accompanying supplemental briefing, not to exceed 5 double-spaced pages, in opposition to summary judgment within **30 days after** Defendant files further evidence. Plaintiff is advised that, although Verizon has the burden of producing evidence, Plaintiff may choose to file any evidence undermining Verizon's arguments and evidence. For example, Verizon has argued in its motion papers that the disclaimers of Plaintiff's patent co-owners of their rights to sue may not be authentic. Plaintiff therefore may file evidence supporting the authenticity of these disclaimers.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.

Dated: February 6, 2020
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

2