UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------X
                                            :
CHIKEZIE OTTAH,                             :
                          Plaintiff,        :
                                            :      19 Civ. 8552 (LGS)
            -against-                       :
                                            :      OPINION & ORDER
VERIZON SERVICES CORP.,                     :
                          Defendant.        :
                                            :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Pro se Plaintiff brings this patent infringement action against Defendant Verizon Services Corp., alleging that Defendant's use of a device in a company vehicle infringed his rights in United States Patent No. 7,152,840 (the "'840 Patent"). Defendant moved to dismiss on December 6, 2019. By Order dated February 6, 2020, the parties were notified that Defendant's motion to dismiss was converted to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d) and were provided an opportunity to submit additional evidence and legal argument.[1] For the reasons below, Defendant's motion is granted.

## I.    BACKGROUND

The following facts are undisputed and drawn from the parties' submissions.

Plaintiff is one of three co-inventors of the '840 Patent, which "relates generally to a removable book holder assembly for use by a person in a protective or mobile structure such as a car seat, wheelchair, walker, or stroller." In the process of obtaining the '840 Patent from the U.S. Patent & Trademark Office, Plaintiff filed a Request for Continued Examination to amend

---

[1] Defendant filed a supplemental memorandum of law and supporting declarations on March 6, 2020, and Plaintiff submitted additional materials on April 17, May 4 and June 8, 2020.

the patent application to address issues identified by a patent examiner (the "Preliminary

Amendment").  The single claim of the '840 Patent, issued on December 26, 2006, is as follows:

> 1.  A book holder for removable attachment, the book holder comprising:
>
> a book support platform, the book support platform comprising a front surface, a rear surface and a plurality of clamps, the front surface adapted for supporting a book, the plurality of clamps disposed on the front surface to engage and retain the book to the book support platform, the rear surface separated from the front surface;
>
> a clasp comprising a clip head, a clip body and a pair of resilient clip arms, the clip arms adjustably mounted on the clip head, the clip head attached to the clip body; and
>
> an arm comprising a first end and a second end and a telescoping arrangement, the clasp on the first end, the second end pivotally attached to the book support platform, the telescoping arrangement interconnecting the first end tob [sic] the second end, the clasp spaced from the book support platform wherein the book holder is removably attached and adjusted to a reading position by the telescoping arrangement axially adjusting the spaced relation between the book support platform and the clasp and the pivotal connection on the book support platform pivotally adjusting the front surface with respect to the arm.

The '840 Patent specification -- the written description accompanying the single patent claim --

also states that "[t]he prior art does not accommodate easy and quick attaching of the book

support onto a structure for mobile use," and that the '840 Patent is significant because "there is

a need for an improved Book Holder that is quickly and easily clipped to a mobile vehicle such

as a wheelchair or stroller for holding the book in a reading position."

Plaintiff observed a device in a Verizon company vehicle (the "Accused Product"), which

Defendant identified as a Jotto Desk® Universal Laptop Mount.  The Accused Product is a

"computer laptop mount . . . for mobile laptop computing," which features a "flat, angled or

vertical surface drilled installation . . . ."  To use the Accused Product, it must be affixed by

installing a metal square base to a vehicle floor through tools and "self-tapping tech screws."

This action, brought in September 2019, is one of a number initiated by Plaintiff in

connection with the '840 Patent.  *See, e.g.*, *Ottah v. Nat'l Grid*, 19 Civ. 08289, 2020 WL

2543105, at *1 (S.D.N.Y. Apr. 27, 2020), *report and recommendation adopted*, 2020 WL

2539075 (S.D.N.Y. May 19, 2020) (granting motion to dismiss); *Ottah v. BMW*, 230 F. Supp. 3d

192, 193 (S.D.N.Y. 2017), *aff'd sub nom.*, *Ottah v. Fiat Chrysler*, 884 F.3d 1135 (Fed. Cir.

2018) (same); *Ottah v. VeriFone Sys., Inc.*, No. 11 Civ. 6187, 2012 WL 4841755, at *1

(S.D.N.Y. Oct. 10, 2012), *aff'd*, 524 F. App'x 627 (Fed. Cir. 2013) (same); *Ottah v. First Mobile

Techs.*, No. 10 Civ. 7296, 2012 WL 527200, at *1 (S.D.N.Y. Feb. 17, 2012) (granting defendant

summary judgment).

## II.    LEGAL STANDARD

Summary judgment is appropriate if the record establishes "that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.

R. CIV. P. 56(a).  "A genuine issue of material fact exists if 'the evidence is such that a

reasonable jury could return a verdict for the nonmoving party.'"  *Nick's Garage, Inc. v.

Progressive Cas. Ins. Co.*, 875 F.3d 107, 113 (2d Cir. 2017) (quoting *Anderson v. Liberty Lobby*,

*Inc.*, 477 U.S. 242, 248 (1986)).  The moving party "bears the burden of 'demonstrat[ing] the

absence of a genuine issue of material fact.'"  *Id.* at 114 (quoting *Celotex Corp. v. Catrett*, 477

U.S. 317, 323 (1986)) (alteration in original).  The evidence is construed in the light most

favorable to, and all reasonable inferences are drawn in favor of, the nonmoving party.  *See id.* at

113.  Summary judgment is improper if there is any evidence in the record from any source from

which a reasonable inference in the nonmoving party's favor may be drawn.  *See Hill v.

Curcione*, 657 F.3d 116, 124 (2d Cir. 2011); *accord Johnson v. Nat'l Football League Players

Ass'n*, No. 17 Civ. 5131, 2019 WL 3531957, at *2 (S.D.N.Y. Aug. 2, 2019).  Although the same

standards under Rule 56 apply, special latitude is given to a pro se litigant in responding to a

summary judgment motion.  *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156-58 (2d

Cir. 2017).  "[T]he submissions of a *pro se* litigant must be construed liberally and interpreted to

raise the strongest arguments that they suggest." *Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018) (alteration in original).

## III.   DISCUSSION

The undisputed evidence shows that Plaintiff cannot prove that Defendant infringed the '840 Patent either literally or based on the doctrine of equivalents.[2]  Patent infringement is generally a question of fact.  *See Biogen Int'l GmbH v. Banner Life Scis. LLC*, 956 F.3d 1351, 1355 (Fed. Cir. 2020).  However, a court may grant summary judgment if it concludes that no reasonable jury could find infringement.  *See Warner–Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 39 n.8 (1997); *accord Ave. Innovations, Inc. v. E. Mishan & Sons Inc.*, 16 Civ. 3086, 2019 WL 4857468, at *6 (S.D.N.Y. Oct. 2, 2019).

### A.  Literal Infringement

No reasonable jury could find that the Accused Product literally infringed the '840 Patent.  Patent infringement involves two steps: first, "the meaning and scope of the patent claims asserted to be infringed" must be determined, and second, the "properly construed claims" are compared "to the device accused of infringing."  *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996); *accord Ave. Innovations, Inc.*, 2019 WL 4857468, at *5.  The first step -- claim construction -- is a matter of law.  *See Markman*, 52 F.3d at 979; *accord Ave. Innovations, Inc.*, 2019 WL 4857468, at *5. Where "the ordinary meaning of claim language as understood by a person of skill in the art may

---

[2] Defendant is incorrect that the action should be dismissed for lack of subject matter jurisdiction.  Defendant argues that Plaintiff lacks standing, as he is not the sole owner of the '840 Patent and, according to Defendant, neither co-inventor "joined this action or fully relinquished her or his legal interests."  Defendant points to various technical "infirmities" present in the affidavits of the co-owners filed by Plaintiff.  The identified deficiencies do not warrant dismissal, because these affidavits, liberally construed, reflect the co-owners' intent to give Plaintiff the unilateral right to sue for infringement of the '840 Patent and to waive their rights to do so in the future.

be readily apparent even to lay judges, [] claim construction . . . involves little more than the application of the widely accepted meaning of commonly understood words." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005); *accord Ave. Innovations, Inc.*, 2019 WL 4857468, at *5. For the second step, "to find [literal] infringement, the accused device must contain each limitation of the claim." *TIP Sys., LLC v. Phillips & Brooks/Gladwin, Inc.*, 529 F.3d 1364, 1379 (Fed. Cir. 2008) (internal quotation mark omitted); *accord Ave. Innovations, Inc.*, 2019 WL 4857468, at *6. The second step is a question of fact, and therefore, summary judgment on a claim of literal infringement is appropriate only when "no reasonable jury could find that every limitation recited in the properly construed claim either is or is not found in the accused device." *Ave. Innovations, Inc.*, 2019 WL 4857468, at *6 (quotation marks omitted).

No reasonable jury could find that the Accused Product contains all of the construed claim limitations of the '840 Patent. "We begin a claim construction analysis by considering the language of the claims themselves." *Trustees of Columbia U. in New York v. Symantec Corp.*, 811 F.3d 1359, 1362 (Fed. Cir. 2016). "[C]laims must be read in view of the specification, of which they are a part." *Id.* (quotation marks omitted). Plaintiff's claim is construable based on commonly understood words. *See, e.g., First Mobile Techs.*, 2012 WL 527200, at *3 ("The claim limitations [are] readily understandable.").

In relevant part, the plain language of the '840 Patent provides that the claim includes the following limitation: a "clasp spaced from the book support platform wherein the book holder is removably attached." The Accused Product does not include a clasp at which point the "book holder is removably attached," but is designed to be permanently affixed to a vehicle floor through the use of screws. Plaintiff argues that the ordinary meaning of a "clasp" is a type of tool. Even if a clasp were generally considered a tool, the limitation requires a clasp that allows for removable attachment of the book holder, or -- as described in the specification -- allows the

device to be "easily clipped" to a vehicle without the use of other tools.  This is a limitation that is not present in the Accused Product, which requires other tools -- that are not a part of the Accused Product -- to attach the Accused Product's base to the vehicle.  Therefore, the Accused Product does not literally infringe the '840 Patent based on the plain language of the claim and its specification.

Construed liberally, Plaintiff argues also that the '840 Patent covers book holders using a "clasp" and "[c]lip head" that can be modified with "base, connectors . . . brackets" and "holes, bolt[s], screw[s], clip[s]."  Plaintiff relies on the specification, which states that the "invention is not necessarily so limited, and that numerous other embodiments, examples, uses, modifications and departures . . . are intended to be encompassed by the claims attached hereto."  However, the specification does not mention these other forms of attachment as alternatives to the clasp used for removable attachment.  Rather, the specification states that "[i]n use, the book holder [] is attached to the vehicle . . . by use of the clasp []."  "Further, "[i]t is a bedrock principle of patent law that the claims of a patent define the invention to which the patentee is entitled the right to exclude." *AWH Corp.*, 415 F.3d at 1312 (quotation marks omitted).  "The written description part of the specification itself does not delimit the right to exclude."  *Markman*, 52 F.3d at 980. Here, the plain terms of the '840 Patent claim define an invention with a significant limitation -- that a clasp is used for removable attachment -- and Plaintiff's argument would effectively delete this limitation.  Therefore, because no reasonable jury could find that the Accused Product includes "each and every limitation set forth" in the '840 Patent itself, Defendant is entitled to summary judgment on the literal infringement claim.

### B.  Doctrine of Equivalents

No reasonable jury could find that the Accused Product infringed Plaintiff's '840 Patent based on the doctrine of equivalents.  The doctrine of equivalents provides that "a product . . .

6

that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention."  *Warner–Jenkinson Co.*, 520 U.S. at 21; *Eagle Pharm. Inc. v. Slayback Pharma LLC*, 958 F.3d 1171, 1175 (Fed. Cir. 2020).  The doctrine of prosecution history estoppel, however, ensures that "[w]here the original [patent] application once embraced the purported equivalent but the patentee narrowed his claims to obtain the patent or to protect its validity, the patentee cannot assert that he lacked the words to describe the subject matter in question."  *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 535 U.S. 722, 734 (2002); *accord EMD Millipore Corp. v. AllPure Techs., Inc.*, 768 F.3d 1196, 1203 (Fed. Cir. 2014).  Even if the clasp limitation of the '840 Patent were considered "equivalent" to the permanent attachment mechanism of the Accused Product, the doctrine of prosecution history estoppel bars Plaintiff from establishing this equivalence.

When Plaintiff was in the process of obtaining the '840 Patent, Plaintiff argued in his Preliminary Amendment that the book holder was patentable, explaining that it was "not obvious in light of the prior art."  In so arguing, the Preliminary Amendment narrowed the '840 Patent's scope to focus on "removability" of his invention without tools.  *See, e.g.*, *Fiat Chrysler*, 884 F.3d at 1140 (Fed. Cir. 2018) ("Claim [] was only allowed over the prior art after Plaintiff's argument emphasizing removability"); *VeriFone Sys., Inc.*, 524 Fed. App'x at 629-30 (same); *First Mobile Techs.*, 2012 WL 527200, at *8 (same).  As the Preliminary Amendment distinguished the invention from prior art by emphasizing "the use of adjustable, resilient clip arms on the clasp for clasping the book holder to the movable vehicle providing quick removal and attachment without tools," Plaintiff cannot now argue that the attachment mechanism of the Accused Product is equivalent to the clasps described in his '840 Patent.  Instead, only a product that is removable through clasps and without tools may infringe the '840 Patent.  Otherwise,

7

Plaintiff would "recapture in an infringement action the very subject matter surrendered as a condition of receiving the patent." *Festo Corp.*, 535 U.S. at 734. Here, the Accused Product can be attached only with tools and screws, and therefore, the prosecution history of the '840 Patent estops Plaintiff from claiming equivalence.

To the extent Plaintiff argues that the Preliminary Amendment was not intended to narrow the scope of the claim and that the claim still encompasses modified forms of attachment, Plaintiff cannot assert that the doctrine of equivalents applies. "The doctrine of equivalents is premised on language's inability to capture the essence of innovation." *Festo Corp.*, 535 U.S. at 734. Plaintiff "cannot assert that he lacked the words to describe the subject matter in question" at the time of patenting, *Festo Corp.*, 535 U.S. at 734, because Plaintiff's explanation for why the invention is an improvement on prior art necessarily implies that Plaintiff was aware of attachment methods other than clasps, which required tools and were difficult to remove. Accordingly, Defendant is entitled to summary judgment on the infringement claim based on a doctrine of equivalents.

## IV.    CONCLUSION

For the reasons above, the motion for summary judgment is GRANTED.

The Clerk of Court is respectfully directed to mail a copy of this Opinion & Order to pro se Plaintiff and to close Dkt. No. 29 and this action.

Dated: July 16, 2020
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE